IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-1548C |
| | ) | ( Judge Wolski ) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

For its answer to plaintiff's complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of information or knowledge sufficient to form a belief as to their truth.

2. Admits the allegation contained in paragraph 2 that the United States Department of Agriculture ("USDA") is an agency of the United States; the remainder of the allegations contained in paragraph 2 of the complaint constitute plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

3. Admits the allegations contained in the first two sentences of paragraph 3. Admits the allegations in the third sentence of paragraph 3 that Travelers Casualty and Surety of America took over the contract under the terms of its performance bond; otherwise denies the allegations in the third sentence of paragraph 3.

4. The allegations contained in paragraph 4 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

7. Admits.

8. Admits the allegations contained in paragraph 8 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Denies the allegations contained in paragraph 10 for lack of information or knowledge sufficient to form a belief as to their truth.

11. Admits the allegations contained in paragraph 11 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Denies the allegations contained in the first sentence of paragraph 16 for lack of knowledge or information sufficient to form a belief as to its truth; admits the allegations in the second sentence of paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20.

21. Admits the allegations contained in paragraph 21 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits the allegations contained in paragraph 22 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 25.

26. Admits the allegations contained in the first sentence of paragraph 26. Denies the allegations contained in the second sentence of paragraph 26 for lack of information or knowledge sufficient to form a belief as to their truth.

27. Admits the allegations contained in paragraph 27 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

28. Admits the allegations contained in paragraph 28 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 28.

29. Admits the allegations contained in paragraph 29 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30. The allegations contained in paragraph 30 constitute plaintiff's characterization of its case to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

31. The allegations contained in paragraph 31 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

32. Denies.

33. The allegations contained in paragraph 33 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

34. Denies the allegations contained in paragraph 34 for lack of knowledge or information sufficient to form a belief as to its truth.

35. Defendant's responses to paragraphs 1 through 34 are incorporated herein by reference.

36. The allegations in paragraph 36 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

37. The allegations in paragraph 37 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

38. The allegations in paragraph 38 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

39. Defendant denies each and every allegation not previously admitted or otherwise qualified.

<u>Affirmative Defenses</u>

1. Plaintiff's claims are barred by the acts of negligence of plaintiff and/or plaintiff's agents' failure to properly perform work under the contract in accordance with contract specifications, which was the sole, direct, and proximate cause of all of the amounts of damages plaintiff claims to have sustained and seeks to recover herein.

WHEREFORE, defendant requests that the Court enter judgment in favor of defendant and against plaintiff, that the Court dismiss the complaint, and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/James M. Meister
JAMES M. MEISTER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel: (202) 305-3079

OF COUNSEL:

MARK GARRETT
Attorney Advisor
General Law Division
United States Department of Agriculture

Date: September 2, 2003

CERTIFICATE OF FILING

I hereby certify that on this 2nd day of September, 2003, a copy of the foregoing Defendant's Answer And Affirmative Defenses was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/James M. Meister